# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**LUCIANO MENDOZA-GARCÍA,**

**Defendants.**

**Criminal No. 16-656-2 (ADC)**

## OPINION AND ORDER

Defendant Luciano Mendoza-García has timely moved the Court, under Federal Rule of Criminal Procedure 29(c), for a judgment of acquittal, following his conviction, by jury verdict, of conspiracy to import cocaine, 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), 963; conspiracy to possess cocaine with intent to distribute on a vessel without nationality, 46 U.S.C. §§ 70503(a)(1), 70506(b); and possession of cocaine with intent to distribute on a vessel without nationality, 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2. *See* **ECF Nos. 57** (jury verdict); **62** (Rule 29 motion). In the motion, defendant "incorporates by reference his arguments made on [the] *motion to dismiss* at ECF [No.] 25." **ECF No. 62**, ¶ 2; *see also* **ECF Nos. 25** (co-defendant's motion to dismiss); **26** (defendant's adoption of that motion); **50** (Court's denial of that motion).[1] He also recapitulates, in summary fashion, his argument from the previously denied motion to dismiss, that Congress lacked the power to enact one of the statutes he was convicted of violating. **ECF No. 62**, ¶¶ 6-7.

---

[1] In the motion to dismiss, defendant argued unsuccessfully that Congress's enactment of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70501-70508, exceeded its powers under both international law and the Define and Punish Clause in Article I, Section 8, Clause 10 of the Federal Constitution. *See* **ECF No. 25.**

The Court denies defendant's Rule 29 motion because "incorporation by reference is an ineffective method of [raising] arguments." *See United States* v. *Paz-Álvarez*, 799 F.3d 12, 31 (1st Cir. 2015) (citing *United States* v. *Orrego-Martínez*, 575 F.3d 1, 8 (1st Cir. 2009)).  And, aside from incorporating by reference his earlier arguments, defendant "does not sufficiently develop an argument in support of [his motion]," thereby waiving his attempt for a judgment of acquittal. *See id*. (citing *United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).  In any event, defendant's Rule 29 motion completely ignores the reasons and authorities that the Court cited in denying his motion to dismiss.  *See* **ECF No. 50**.  Thus, even if defendant had cut and pasted his entire motion to dismiss into his Rule 29 motion, the Court would have still denied the Rule 29 motion for the reasons stated in its denial of the motion to dismiss.  *See id*.  Accordingly, defendant has failed to demonstrate that he warrants a judgment of acquittal.

In sum, the Court hereby **DENIES** defendant's Rule 29 motion.  *See* **ECF No. 62**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17 day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**